UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

MARK BAECHLE,                          :
    Plaintiff,                         :
                                       :
    v.                                 :    Docket No. 1:05-CV-204
                                       :
TOWN OF MENDON, VERMONT                :
and CHARLES JOHNSON,                   :
    Defendants.                        :
                                       :
_____:

<u>RULING ON DEFENDANT TOWN OF MENDON'S MOTION TO DISMISS</u>
(Paper 6)

This case arises from the Town of Mendon's tax sale of Plaintiff Mark Baechle's condominium to Charles Johnson, allegedly without reasonably diligent efforts to notify Baechle. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that the tax collector's deed to Johnson is null and void because it was issued without notice to Plaintiff, in violation of his due process rights under the Fourteenth Amendment. Plaintiff also seeks compensatory damages pursuant to 42 U.S.C. § 1983, and punitive damages.  (Paper 1.)

Defendant Johnson has filed a counterclaim, contingent upon Plaintiff's success in voiding the tax deed, for reimbursement of expenses he has incurred as a result of taking ownership of the property, including improvements, taxes, and condominium association fees.  Johnson also has filed a cross-claim for damages from the Town, again contingent on Plaintiff's success. (Paper 3 at 5-6.)

1

Defendant Town of Mendon now files a motion to dismiss both the complaint and defendant Johnson's cross-claim for lack of jurisdiction and failure to state a claim upon which relief can be granted, respectively, pursuant to Fed. R. Civ. P. 12.  The Town argues that the Court lacks jurisdiction over Baechle's claims pursuant to the Tax Injunction Act, 28 U.S.C. § 1341 (hereinafter "TIA") and the principle of comity derived therefrom, and as a result, the Court lacks supplemental jurisdiction over Johnson's claims.  (Paper 6.)

For the reasons set forth below, this Court lacks jurisdiction to consider Plaintiff's claims and consequently, the cross-claim and counterclaim based on Plaintiff's underlying claim.  Accordingly, the Town of Mendon's motion to dismiss is GRANTED and the case is DISMISSED without prejudice.

<u>Background</u>

Upon review of the record, and solely for the purpose of this ruling, the Court finds the following.  In 1993, Plaintiff purchased a condominium unit located in the Town of Mendon, Vermont and listed on the property transfer tax return his principal address at 3050 South Drive, Allentown, Pennsylvania. (Paper 1 ¶¶ 6, 7.)  The 3050 South Drive address came to be listed as Plaintiff's residential address on the Town's Grand List, which is used to mail property tax bills to property

2

owners.  (Paper 1 ¶ 8.)  In 1999, Plaintiff moved to 4170 Ascot
Circle, Allentown, Pennsylvania, and allegedly sent a change-of-
address card to the Town and requested mail-forwarding by the
United States Postal Service (hereinafter "USPS").  (Paper 1 ¶¶
9-10.)  Plaintiff received and paid his property tax bill from
the Town for the year 2000, but because he received no bill in
2001, 2002, or 2003, paid no property taxes to the Town for those
years.  (Paper 1 ¶ 11, 13.)  The Town had sent tax bills for
those years to the 3050 South Drive address but the USPS returned
them to the Town as undeliverable.  (Paper 1 ¶ 14, Exs. 2, 3.)

Having received no tax payments for three years, the Town
sent notice of a tax sale to Plaintiff,[1] but the USPS returned it
as undeliverable.[2]  (Paper 1 ¶¶ 14-15, Ex. 3.)  The Town
conducted the tax sale on March 31, 2004, sold the property to

---

[1]  The Complaint states that the Town notified Plaintiff of the
possibility of a tax sale as early as August 27, 2003.  See Paper 1 ¶ 15
("[o]n or about August 27, 2003, a notice of tax sale was sent to plaintiff").
Town documents, however, suggest that the Town sent formal notice of the tax
sale by certified letter dated February 23, 2004, and conducted the sale eight
days later on March 31, 2004 (Paper 1 ¶ 16, Ex. 3).  The Town's notice to
Plaintiff, therefore, appears not to be in accordance with 32 V.S.A. §
5252(3), which requires notice by registered mail to the last known address at
least 20 days prior to the tax sale if the delinquent is a nonresident of the
Town.

[2]  The USPS forwards mail for only 12 months, explaining why it did not
deliver letters sent to the 3050 South Drive address after mid-2000.  The
Court can only speculate, however, as to why the Town failed to send mail to
the new 4170 Ascot Circle address; either Baechle did not adequately inform
the Town of his change of address or the Town failed to record the new
address.  Regardless, the Town tax collector's records show that the USPS
returned as undeliverable to Plaintiff a letter sent to the 3050 South Drive
address after August 27, 2003, the
notice of sale sent by certified mail dated February 23, 2004, and a letter
reporting the tax sale dated April 26, 2004.  (Paper 1 Ex. 3.)

Defendant Johnson for $3,700 cash,[3] and issued him a tax collector's deed on April 1, 2005.  (Paper 1 ¶¶ 16, 17.) Plaintiff did not learn of the tax sale until more than one year after issuance of the tax deed, by which time the right to redeem had expired, pursuant to the one-year statutory period.  (Paper 1 ¶ 18.)  See 32 V.S.A. §§ 5294 and 5295(3).[4]

Plaintiff claims that the Town knew or should have known that it could obtain Plaintiff's current address from either the Rutland Department of Public Works or the condominium owners' association, but failed to use reasonable diligence to do so, depriving Plaintiff of due process under the Fourteenth Amendment.  (Paper 1 ¶¶ 18-28.)  Accordingly, Plaintiff seeks a declaratory judgment that the tax deed is null and void.  (Paper 1 ¶¶ 31-32.)

The Town informed Plaintiff, however, that it is the responsibility of property owners, not the Town, to ensure that the Town has a current address, and that he should have known "something was wrong because he had not paid taxes in about three

---

[3]  This sum appears to be $288.70 more than Baechle owed in property taxes, based on the Town tax collector's reference to an attempt to send the $288.70 in his client trust account to Baechle.  (Paper 1 Ex. 3.)

[4]  "Unless commenced within one year from the time that collection is sought to be enforced against the taxpayer by arrest, distraint, or levy, an action shall not lie wherein the taxpayer may question the validity of" notice to the taxpayer of taxes due or the time of payment, or acts of the treasurer or tax collector relating to the collection of the tax. 32 V.S.A. § 5294.  The statutory period of one year begins to run "[i]f collection is sought to be enforced by sale of real estate, within one year from the date of the levy thereon by the tax collector."  32 V.S.A. § 5295(3).

years." (Paper 1 Exs. 2, 3.)  Moreover, the Town argues in its

motion that the TIA and the principle of comity mandate dismissal

of Baechle's action.  The TIA states that

> The district courts shall not enjoin, suspend, or
> restrain the assessment, levy or collection of any tax
> under State law where a plain, speedy, and efficient
> remedy may be had in the courts of such State.

28 U.S.C. § 1341.  (Paper 6.)

In response, Plaintiff argues that he is challenging the

method of collection of the tax, not the validity of the tax

itself, and therefore the TIA does not apply, citing <u>Akey v.

Clinton County</u>, 375 F.3d 231 (2d Cir. 2004) (Oakes, J.) and

<u>Ciocca v. Clinton County, New York</u>, 1999 U.S. Dist. LEXIS 22401.

(Paper 9 at 2.)  Plaintiff adds that even if the TIA applies, he

has no "plain, speedy, or efficient remedy" in state court

because the one-year limitation period has expired.  (Paper 9 at

3.)  Plaintiff seeks a declaratory judgment under 28 U.S.C. §

2201, damages under 42 U.S.C. § 1983, and punitive damages,

attorney's fees, and costs.  Defendant Johnson's counter- and

cross-claims for reimbursement of costs associated with ownership

of the property are contingent upon Plaintiff's success.  (Paper

3 at 5-6.)

<u>Discussion</u>

The Town's motion to dismiss presents a threshold issue:

whether Plaintiff's suit is barred by the TIA.  It is well-

settled that taxpayers ordinarily must challenge the validity of

5

a state tax system in state court.  See 28 U.S.C. § 1341 (Tax
Injunction Act prohibiting federal courts from enjoining the
collection of any state tax "where a plain, speedy and efficient
remedy" may be had in state court); National Private Truck
Council v. Oklahoma Tax Comm'n, 515 U.S. 582, 586, 590 (1995)
(noting that "[s]ince the passage of § 1983, Congress and this
Court repeatedly have shown an aversion to federal interference
with state tax administration"); California v. Grace Brethren
Church, 457 U.S. 393, 407-411 (1982) (holding that the TIA
precludes district courts from awarding declaratory judgments
regarding the constitutionality of state taxes); Fair Assessment
in Real Estate Ass'n., Inc. v. McNary, 454 U.S. 100, 116 (1981)
(holding that pursuant to the principles of comity and
federalism, Congress never authorized federal courts to entertain
damages actions under § 1983 challenging state taxes when state
law furnishes an adequate legal remedy).  The Second Circuit has
affirmed repeatedly that the TIA and comity preclude taxpayers
from challenging state tax administration in federal court.  See,
e.g., Long Island Lighting Co., v. Town of Brookhaven, 889 F.2d
428, 431 (2d Cir. 1989) ("While it is the Tax Injunction Act that
prevents federal courts from giving injunctive relief or
declaratory relief, as long as there is a plain, speedy and
efficient remedy in state court, it is the principle of comity
that prevents a taxpayer from seeking damages in a § 1983 action

if a plain, adequate, and complete remedy may be had in state court." (internal citations omitted)).  The TIA covers local as well as state taxes.  See, e.g., Wright v. Pappas, 256 F.3d 635, 636 (7th Cir. 2001).

The first issue then is whether Plaintiff's claims constitute a challenge to an "assessment, levy or collection of any tax" within the meaning of the TIA and therefore, an exception to these well-settled principles.  The Second Circuit has analyzed the term "collection" as used in the TIA, and concluded that "in speaking of 'collection,' Congress was referring to the methods similar to assessment and levy, e.g., distress or execution . . . that would produce money or other property directly, rather than indirectly through a more general use of coercive power."  Wells v. Malloy, 510 F.2d 74, ¶ 16 (2d Cir. 1975) (citations omitted) (holding that the TIA did not preclude an action in federal court challenging, as violative of constitutional rights, the suspension of plaintiff's driver's license for failure to pay taxes because this "unusual sanction for non-payment of tax" did not fall within the meaning of "collection").  See also RTC Commercial Assets Trust 1995-NP3-1 v. Phoenix Bond & Indemnity Co., et al., 169 F.3d 448, 457 (7th Cir. 1999) (affirming decision that TIA barred claims seeking declaration that tax liens were invalid but did not bar assignee's claim that it was not liable for penalties; "penalties

stand on different footing" from interest on taxes because states assess penalties not to raise revenue but to deter delinquent tax debtors).

Applying these principles, the Court concludes that Plaintiff's challenge implicates a "collection" within the meaning of the TIA.  The Vermont legislature defined "collection of a tax" to include all acts undertaken by the town tax collector from the time a tax bill is placed in his hands for collection to "the last act required . . . in the enforcement of the collection of the tax," including a tax sale.  32 V.S.A. § 5251 (defining "collection of a tax"); see also 32 V.S.A. §§ 5252-54 (providing that tax collectors may extend a warrant on realty, provide notice of a tax sale, and sell realty "as is necessary to pay" delinquent taxes); see generally 32 V.S.A. Ch. 133 (entitled "Assessment and Collection of Taxes").  Here, unlike the sanctions imposed in Wells and RTC Commercial Assets, the tax sale of Plaintiff's property falls within the Town's "collection" power to directly produce money for payment of delinquent taxes.  See Wright, 256 F.3d at 637 (7th Cir. 2001) ("A lien sale is a mode of tax collection; and so an action to enjoin it, or declare it illegal, or rescind it, or perhaps even just obtain damages on the ground of its illegality, would be barred by the Act or, in the case of the damages suit, by the free-standing principle of comity.") (citing Simon v. Cebrick, 53

8

F.3d 17, 22 (3rd Cir. 1995) and Dawson v. Childs, 665 F.2d 705,
710 (5th Cir. 1982)).

Plaintiff argues that he is challenging the "method" of
collection, however, and relies on Akey, 375 F.3d 231 (2d Cir.
2004), and Ciocca, 1999 U.S. Dist. LEXIS 22401.  Such reliance is
misplaced.  Akey did not address the TIA, and therefore is
inapplicable to the present case.  See Akey, 375 F.3d at 236-37
(holding, without addressing the TIA, that landowners were denied
due process when foreclosure notice was returned undeliverable
and county failed to use reasonably diligent efforts to search
tax rolls for all towns in the county, not only the tax roll of
the town where the property was located, where all tax rolls were
readily available); see also Karkoukli's, Inc. v. Dohany, 409
F.3d 279, 285 (6th Cir. 2005) and Plemons v. Gale, 396 F.3d 569,
576-78 (4th Cir. 2005) (both ruling, without addressing the TIA,
on due process claims regarding notice of tax sales).  Where
federal courts have addressed the jurisdiction issue under the
TIA in analogous cases, they have found jurisdiction lacking.
See Hoffer v. Ancel, 32 Fed. Appx. 593, 596-97 (2d Cir. 2002)
(unpublished opinion) (upholding this Court's dismissal of
plaintiff's challenge to "conduct of state officials" related to
tax collection notices because comity barred such damages claims)
(citing Bernard v. Village of Spring Valley, 30 F.3d 294, 297-98
(2d Cir. 1994)); Wright, 256 F.3d at 637 (7th Cir. 2001)

(dismissing plaintiff's challenge to the "mode of collection" as barred by TIA); see also Dawson, 665 F.2d at 710 (5th Cir. 1982) ("In dissolving a lien on property, a federal court interferes with the state's fiscal program just as surely as if it enjoined collection or assessment of the tax itself.  Indeed, if the lien affords the only means of obtaining tax revenues due, as may often prove the case, the two issues blur into one.").

Plaintiff's reliance on Ciocca, 1999 U.S. Dist. LEXIS 22401, also is misplaced; it is not binding precedent, and moreover, it misapplied Wells.  The Ciocca court granted a property owner's motion for a preliminary injunction on pending foreclosure sales of his properties on the grounds that the county likely violated due process by failing to notify him of the sales in a manner reasonably calculated to reach him.  Id. at *7-8.  Citing Wells, the Court reasoned that it had jurisdiction despite the TIA because the plaintiff was challenging the "method" of collection, not the tax itself which he agreed to pay.  Id. at *5; see also Wells 510 F.2d at 77 (finding jurisdiction, despite the TIA, to hear a challenge to the state's suspension of a driver's license to coerce tax payment because the claim involved a penalty, not a tax).  Ciocca misapplied Wells to its facts; as discussed above, tax foreclosure, certainly under Vermont statutes, is not a penalty but rather falls within "collection" activities for payment of tax.

Having determined that Plaintiff challenges a tax collection within the meaning of the TIA, the next issue is whether there is a plain, speedy, and efficient remedy available to Plaintiff in state court, as required by the TIA.  28 U.S.C. § 1341.  A state remedy will qualify "if it is procedurally adequate . . ..  A state need only provide a full hearing and judicial determination at which a taxpayer may raise any and all constitutional objections to the tax."  Long Island Lighting Co., 889 F.2d at 431 (internal citations and quotations omitted).

In this case, Plaintiff may bring his claim for a declaratory judgment against both Defendants, as well as Section 1983 claims against Town officials, in state court.  See Declaratory Judgments Act, 12 V.S.A. § 4711; Hoffer v. Ancel, 176 Vt. 630, 852 A.2d 592 (Vt. 2004) (entertaining taxpayer's Section 1983 action against employees of the Department of Taxes to recover for violations of due process and equal protection in connection with assessments and notices concerning repayment of prebate for educational property taxes); Murray v. McDonald, 988 F. Supp. 420 (D. Vt. 1997), aff'd 157 F.3d 147 (2d Cir. 1998) (holding that the state provided a plain, speedy, and efficient remedy for taxpayers' constitutional claims under Section 1983);

Bernard, 30 F.3d at 297 (a Section 1983 suit in state court is a "plain, adequate, and complete remedy").[5]

The remedy requirement is satisfied even if Plaintiff's claim may be barred by the statute of limitations.  See supra note 4, citing 32 V.S.A. §§ 5294(4), 5295(3); Turner, 140 Vt. 19, 433 A.2d 307.  Plaintiff may argue, however, that the Town's failure to use reasonable diligence to notify him of the tax sale -- such as by contacting the Rutland Department of Public Works or the condominium owners' association for his current address -- constitutes a jurisdictional defect, voiding the sale and thereby tolling the one-year statute of limitations.  See Benoit v. Panthaky, 780 F.2d 336, 338-39 (3rd Cir. 1985) ("Constitutionally inadequate notice to the owner of the property sold at a tax foreclosure is a jurisdictional defect" rendering inapplicable the statute of limitations for actions to set aside tax sales); see also MacNaughton v. Warren County, New York, 123 Fed. Appx. 425, 427 (2d Cir. 2005) (unpublished opinion) ("It is clear under New York law that the statute of limitations is inapplicable in a case where the plaintiff fails to receive notice. . ..");  compare

---

[5]  Plaintiff's argument that the Supremacy Clause prevents application of the principle of comity to this case is misguided.  (Paper 9 at 3.) Plaintiff fails to argue that any applicable state and federal laws conflict in this case.  More to Plaintiff's point, however, it should be noted that the TIA "is a gesture of comity toward the states; recognizing the centrality of tax collection to the operation of government, the Act prevents taxpayers from running to federal court to stymie the collection of state taxes."  Wright, 256 F.3d at 636.  As discussed above, the fact that the TIA and comity bar Plaintiff's suit in federal court does not prevent Plaintiff from pursuing his due process claims in Vermont state courts.

<u>Turner</u>, 140 Vt. 19, 21, 433 A.2d 307, 308 (holding, in taxpayer suit seeking to void tax collector's deed, that failure to publish notice of tax sale for third time in newspaper was not defect of jurisdictional magnitude and did not result in failure of due process such as would entitle taxpayer to void tax sale).

<u>Conclusion</u>

The tax sale about which Plaintiff complains constitutes "collection" within the meaning of the TIA, and the State of Vermont affords Plaintiff a plain, speedy, and efficient remedy in its courts.  The TIA, therefore, divests this Court of jurisdiction to hear this case.  The adequacy of notice to the Plaintiff of the sale is not an issue for this Court to consider.

For the reasons set forth above, the Town of Mendon's motion to dismiss the complaint is GRANTED, and the case is hereby dismissed without prejudice.  Defendant Johnson's cross-claim and counterclaim are DISMISSED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 8th day of December, 2005.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge

13